# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAFAEL ALVARADO ROJAS,
Appellant,
vs.
ISIDRO BACA, WARDEN N.N.C.C.;
JAMES DZURENDA NDOC; AND THE
STATE OF NEVADA,
Respondents.

No. 76263

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1]  First Judicial District Court, Carson City; James E. Wilson, Judge.

Relying on NRS 209.4465(7)(b), appellant argues that the district court erred because the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole.  We disagree.

NRS 209.4465(7)(b) provides as a general rule that statutory credits apply to the minimum term of a sentence unless the sentencing statute specifies a minimum term that must be served before parole eligibility.  *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017) (discussing NRS 209.4465(7)(b)).  Appellant is correct that the relevant sentencing statute (NRS 484C.400(1)(c)) is silent as to parole eligibility.  When an offender has been sentenced under that kind of

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary.  NRAP 46A(c).  This appeal therefore has been submitted for decision based on the pro se brief and the record.  *See* NRAP 34(f)(3).

19-07796

statute, NRS 209.4465(7)(b) generally provides that statutory credits apply to the minimum term of the sentence. *Id.* at 1263-65. But in 2007, the Legislature adopted several exceptions to that general rule. 2007 Nev. Stat., ch. 525, § 5, at 3177 (amending NRS 209.4465(7) by adding, "*Except as otherwise provided in subsection 8*" (emphasis added), and adopting NRS 209.4465(8)); *see also Williams*, 133 Nev., Adv. Op. 75, 402 P.3d at 1264 n.6 (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). The exceptions set forth in NRS 209.4465(8) apply because they took effect *before* appellant committed the offense at issue. *See* 2007 Nev. Stat., ch. 525, §§ 21-22, at 3196.

In denying the petition, the district court focused on an exception in subsection (8): paragraph (d), which excludes any offender convicted of a category B felony. The record before us confirms that appellant was convicted of an offense that fits that exception: driving under the influence of alcohol, third offense in seven years. NRS 484C.110; NRS 484C.400(1)(c). Appellant's offense also fit the exception in NRS 209.4465(8)(c), which excludes any offender who violated NRS 484C.110. Accordingly, the district court correctly concluded that NRS 209.4465(8) precludes respondents from applying appellant's statutory credits to the minimum term of his sentence. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____
Parraguirre

_____, J.
Cadish

cc: Hon. James E. Wilson, District Judge
Rafael Alvarado Rojas
Attorney General/Carson City
Carson City Clerk